| | |
|---|---|
| KEVIN C. ALLEN, ESQUIRE | ATTORNEY FOR PLAINTIFF |
| CRYSTLE, ALLEN & BRAUGHT, LLC | |
| 143 NORTH DUKE STREET | |
| LANCASTER, PA 17602 | |
| ATTORNEY I.D. NO.: 55232 | |
| PHONE:  717- 393-0600 | |
| FACSIMILE 717-396-1028 | |

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## CIVIL ACTION

| | | |
|---|---|---|
| CURTIS WOOD, | : | |
| ADMINISTRATOR FOR THE | : | |
| ESTATE OF DEVON LEE REID | : | |
|     2400 Jacqueline Dr., Apt A31 | : | |
|     Wilmington, DE 19810, | : | |
|         Plaintiff | : | |
| | : | |
| | : | No.: |
| v. | : | |
| | : | |
| CITY OF LANCASTER | : | |
| 120 North Duke Street | : | |
| Lancaster, PA 17602 | : | |
|     and | : | JURY TRIAL DEMANDED |
| KURT MILLER | : | |
| Lancaster City Police Officer | : | |
|    c/o Lancaster City Bureau of Police | : | |
|    39 West Chestnut Street | : | |
|    Lancaster, PA 17603 | : | |
|     and | : | |
| DAVID HERSHEISER | : | |
| Lancaster City Police Officer | : | |
|    c/o Lancaster City Bureau of Police | : | |
|    39 West Chestnut Street | : | |
|    Lancaster, PA 17603 | : | |
|     and | : | |
| RICHARD MENDEZ | : | |
| Lancaster City Police Officer | : | |
|    c/o Lancaster City Bureau of Police | : | |
|    39 West Chestnut Street | : | |

| | |
|---|---|
| Lancaster, PA 17603 | : |
| and | : |
| JOHN DOE and JANE ROE, | : |
| UNKNOWN LANCASTER CITY | : |
| POLICE OFFICER(S), | : |
| Defendants. | : |

## CIVIL ACTION COMPLAINT

**INTRODUCTION**

1. This is an action for money damages against the City of Lancaster, Lancaster, Lancaster City Police Officer Kurt Miller (Miller), Lancaster City Police Officer David Hersheiser (Hersheiser), and Lancaster City Police Officer Richard Mendez (Mendez) for the violation of plaintiff's decedent, Devon Lee Reid's (Reid) constitutional rights.

2. Plaintiff alleges that defendants Miller, Hersheiser, and Mendez, with reckless disregard for plaintiff's Decedent Devon Reid's safety, unlawfully used unreasonable and excessive force by beating Reid with fists and batons, resulting in his death. The actions of defendant officers were without legal justification and in violation of Reid's rights under the laws and Constitution of the United States, in particular the Fourth Amendment of the United States Constitution, 42 U.S.C. §1983, and his rights under the Constitution and laws of the Commonwealth of Pennsylvania. By assaulting Reid as aforesaid, defendant officers directly violated the laws of the Commonwealth of Pennsylvania and the rules and regulations of the City of Lancaster regarding the unreasonable and excessive use of force.

3. Plaintiff alleges that the City of Lancaster through its supervisors failed to provide training and supervision concerning the rights of citizens and the lawful use of force by police officers, amounting to gross negligence and a reckless and/or deliberate indifference to the safety and lives of the citizens of the Commonwealth of Pennsylvania including Reid.  Further, defendant City of Lancaster is directly liable and responsible for the acts of defendant officers because of the repeated and knowing failure to enforce the laws and guidelines of the Commonwealth of Pennsylvania, and the regulations of the City of Lancaster Police Force pertaining to the use of force by police officers, thereby creating within the City of Lancaster and the Lancaster City Police Force an atmosphere of lawlessness in which police officers employed unreasonable, excessive and illegal force and violence in the belief that such acts would be condoned and justified by their superiors.

4. Plaintiff files the within civil action complaint and requests judgment against defendants City of Lancaster and Police Officers Miller, Hersheiser and Mendez, jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00), plus punitive damages, interest, costs, and attorneys fees pursuant to 42 U.S.C. §1988 and damages for delay.

**JURISDICTION**

5. This action is brought pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. Section 1331 and 1334, and the aforementioned statutory and Constitutional provisions. Plaintiff further invokes pendant jurisdiction of this court to consider claims arising under state law.

**PARTIES**

6.   Plaintiff, Curtis Wood, is the Administrator of the Estate of Devon Reid, letters of administration having been granted on June 30, 2005, by the Register of Wills of Lancaster County, Pennsylvania.

7.   Plaintiff brings this action pursuant to Pa. Cons. Stat. § 8301 and Pa. R.C.P. 2202(a) as the personal representative of Decedent Devon Lee Reid, on his own behalf, and on behalf of all those entitled by law to recover damages for the wrongful death of Decedent Devon Lee Reid.

8.   The names and address of persons legally entitled to recover damages for the death of Decedent and the relationship to the Decedent Devon Lee Reid are as follows:

| Name | Address | Relationship to Decedent |
|---|---|---|
| Curtis Wood | 2400 Jacqueline Dr., Apt A31 Wilmington, DE 19810, | Father |

9.   Upon information and belief, Plaintiff's Decedent had no other parent living, no spouse and no children living.  The above named beneficiary is his proper and only surviving heir and is the only necessary Plaintiff in this case.

10.   Plaintiff brings this action on behalf of Decedent's estate pursuant to 20 Pa. Constitutional Statute § 3373 and 42 Pa. Constitutional Statute § 8302 for damages suffered by the estate as a result of Decedent's death as well as for the pain, suffering, humiliation and inconvenience which Decedent underwent prior to his death.

11. At no time during his life did Plaintiff's Decedent Devon Lee Reid,. bring an action to recover damages for his personal injuries concerning this matter and no other action has been commenced to recover damages for his death.

12. Devon Lee Reid was at all material times, an adult individual and citizen of the United States. He last resided at 801 North Duke Street, Lancaster, Pennsylvania 17602.

13. Defendant City of Lancaster is, and at all times relevant to this complaint was, a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania and located in the City and County of Lancaster at 120 North Duke Street, Lancaster, Pennsylvania 17602. At all times relevant, defendant City of Lancaster employed the defendant police officers.

14. Defendant Kurt Miller is, and at all times relevant to this complaint was, a police officer with the Lancaster City Bureau of Police with a business address of c/o Lancaster City Bureau of Police, 39 West Chestnut Street, Lancaster, Pennsylvania 17603. At all times relevant, defendant Officer Miller was acting in his capacity as the agent, servant and employee of defendants City of Lancaster and the Lancaster City Police Department. He is being sued individually and in his official capacity.

15. Defendant David Hersheiser is, and at all times relevant to this complaint was, a police officer with the Lancaster City Bureau of Police with a business address of c/o Lancaster City Bureau of Police, 39 West Chestnut Street, Lancaster, Pennsylvania 17603. At all times relevant, defendant Officer Hersheiser was acting in his capacity as the agent, servant and employee of defendants City of Lancaster and the Lancaster City Police Department. He is being sued individually and in his official capacity.

16.Defendant Richard Mendez, is, and at all times relevant to this complaint was, a police officer with the Lancaster City Bureau of Police with a business address of c/o Lancaster City Bureau of Police, 39 West Chestnut Street, Lancaster, Pennsylvania 17603. At all times relevant, defendant Officer Mendez was acting in his capacity as the agent, servant and employee of defendants City of Lancaster and the Lancaster City Police Department. He is being sued individually and in his official capacity.

17.Defendants John Doe and Jane Roe, the names, gender, and numbers of whom are unknown at this time were at all times relevant duly appointed Lancaster City Police officers with a business address of c/o Lancaster City Bureau of Police, 39 West Chestnut Street, Lancaster, Pennsylvania 17603. At all times relevant, defendant Officers were acting in their capacity as the agents, servants and employees of defendants City of Lancaster and the Lancaster City Police Department. They are being sued individually and in their official capacity.

18.At all times relevant, and in all the actions described herein, defendant officers were acting under color of law and pursuant to their authority as Lancaster City Police Officers in the Commonwealth of Pennsylvania.

**CAUSE OF ACTION**

## COUNT I

**PLAINTIFF, CURTIS WOOD**
**v.**
**DEFENDANTS OFFICERS**

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 18 the same as if set forth at length herein.

19. On or about July 15, 2004, plaintiff's decedent, Devon Reid was lawfully present sitting on the stoop of the home located at the corner of Atlantic Ave. and Chester Street in the City of Lancaster speaking with a resident of Atlantic Ave.

20. At the aforesaid date, time and place, one of the defendant officers approached Reid and demanded that he stand up. Reid did not immediately stand and defendant officer demanded more forcefully that Reid stand.

21. As the defendant officer approached Reid, Reid ran away due to his fear of the Lancaster City Police.

22. Additional defendant police officers arrived and Reid stopped running at a parking lot in the five hundred block of Chester Street.

23. Upon information and belief, Reid submitted to the officers but some or all of defendant officers struck Reid with fists and batons so Reid ran away again to his grandmother's home at 533 Chester Street.

24. Defendant officers pursued Reid into 533 Chester Street and again assaulted him with fists and batons, striking him on his back, torso, arms and legs.

25. Defendants officers handcuffed Reid forcefully although Reid was not resisting.

26. Defendants Officers' actions were without justification or provocation.

27. By injuring Reid through the unreasonable and excessive use of force, defendant Officers violated the laws of the Commonwealth of Pennsylvania and the rules and regulations of the Lancaster City Police Department regarding the use of force.

28. As a direct and proximate result of the aforesaid actions of defendant Officers, Reid suffered severe personal injuries including a fractured right wrist; severe pain and suffering; severe mental and emotional distress; and multiple contusions to his torso and legs resulting in pulmonary embolism and death.

29. Defendant officers injured Reid without just and legal cause and with reckless indifference to the safety of Reid, thereby violating Reid's rights under the laws and Constitution of the United States, in particular 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution, and Reid's rights under the Constitution and laws of the Commonwealth of Pennsylvania.

30. As a further direct and proximate result of the actions of defendant officers, Reid incurred various medical expenses in an effort to effect a cure for his injuries all to his great detriment and loss.

31. As a direct and proximate result of the above described unlawful, reckless, arbitrary, intentional and malicious acts of defendant officers, all committed under color of their authority as Lancaster City Police Officers and while acting in that capacity, Reid suffered great bodily harm and death, all of which is in violation of his rights under the laws

and Constitution of the United States in particular the Fourth Amendment thereof and 42 U.S.C. §1983.

32.     Devon Reid was a victim of summary punishment at the hands of defendant officers.  The punishment administered was grossly disproportionate to whatever Reid's acts may have been, constituted cruel and unusual punishment and deprived him of his right to due process of law under the laws and Constitution of the United States.  The infliction of injury and death upon Reid by defendant officers was unwarranted, cruel, arbitrary, reckless, inhumane, unjustifiable and excessive.

33.     As a further direct and proximate result of the above described acts, Reid was deprived of the rights and immunities secured to him under the Constitution and laws of the United States and the Commonwealth of Pennsylvania to be secure in his person and to be free from punishment without due process.

34.     Defendant officers subjected Reid to these deprivations of his rights either maliciously, arbitrarily or by acting with reckless disregard for whether Reid's rights would be violated by these actions.

35.     As a direct and proximate result of the acts and omissions of defendant officers, Reid suffered severe personal injuries and death as described above, was forced to endure great physical and mental pain and suffering, forced to incur medical and legal expenses and deprived of his physical liberty all to his great detriment and loss.

WHEREFORE, plaintiff demands judgment against defendant officers jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus punitive damages, interest, costs, attorney's fees and damages for delay.

## COUNT II

## PLAINTIFF, CURTIS WOOD
### v.
## MUNICIPAL DEFENDANT THE CITY OF LANCASTER

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 35, the same as if set forth at length herein.

36. Prior to July 15, 2004, municipal defendant City of Lancaster tolerated and ratified a pattern and practice of unjustified unreasonable and illegal use of force in that:

    a. Municipal defendant failed to discipline or prosecute or in any manner deal with known incidents of abuse of police powers and improper use of force by officers;

    b. Municipal defendant refused to investigate complaints of previous incidents of abuse of police powers and improper use of force by police officers and instead officially claimed that such incidents were justified and proper; and

    c. By means of both inaction and cover-up of such abuse of police powers and unreasonable and excessive use of force by officers, municipal defendants encouraged police officers including defendant officers to believe that such abuse of police powers and improper use of force was permissible.

37. Municipal defendant has maintained either an inadequate system or no system of review of the use of force by police officers, which results in the failure to identify instances of improper use of force, or failure to discipline, closely supervise or retrain police

officers who improperly use force. Upon information and belief, the system deficiencies include, but are not limited to:

    a.    Preparation of investigative reports designed to vindicate the use of force regardless of whether such actions were justified;

    b.    Preparation of investigative reports which uncritically rely solely on the word of police officers involved in the incidents and which systematically fail to credit testimony by non-police officer witnesses;

    c.    Preparation of investigative reports which omit factual information and physical evidence which contradict the accounts of the police officers involved;

    d.    Issuance of statements exonerating officers involved in such incidents prior to the conclusion of investigation; and

    e.    Failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradict such evidence.

38.    Upon information and belief, municipal defendants also maintain a system of grossly inadequate training pertaining to the law of permissible use of force.

39.    The foregoing acts, omissions and systemic deficiencies, policies and/or customs of municipal defendants have caused police officers of municipal defendants to be unaware of the rules and laws governing the use of force and to believe that the use of force is entirely within the discretion of the officer and an improper, unreasonable and excessive use of force would not be honestly and properly investigated, all with the foreseeable result

that officers are more likely to engage in excessive use of force in situations where such force is neither necessary, reasonable, nor legal.

40. Municipal defendant failed to promulgate and enforce a policy relating to the use of force which is not in violation of the laws of the Commonwealth of Pennsylvania and the United States Constitution, thereby causing and encouraging police officers, including defendant officers to violate the rights of citizens such as Reid.

41. Municipal defendant failed to properly sanction or discipline officers who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens including Fourth Amendment rights violations by other police officers, thereby causing and encouraging police officers, including defendant officers, to violate the rights of citizens such as Reid.

42. Municipal defendant has intentionally and/or with conscious indifference to the danger of harm to citizens like Reid, established a system which fails to identify, track or report instances of improper use of force and which is used by municipal defendant to conceal the extent to which police officers engage in improper and excessive use of force.

43. The foregoing acts, omission and systemic deficiencies of policies, practices and customs of municipal defendant have caused police officers of municipal defendant including defendant officers, to be unaware of or to disregard the rules and laws governing the situations under which it is permissible to engage in the use of force and to believe that the unreasonable and excessive use of force against citizens without just cause is a proper police practice entirely within the discretion of the officer and that excessive use of force resulting in injuries would not be honestly and properly investigated all with the foreseeable

result that officers including defendant officers are more likely to engage in unreasonable and excessive use of force in situations where such action is neither necessary, reasonable nor legal.

44. At no time, either prior to employment of the defendant Officers Hersheiser, or after assignment to duty whereby it was foreseeable that defendant officers would be required to use force, did municipal defendants take reasonable steps to ascertain whether defendant officers were emotionally capable of performing such police duties and did not have a propensity toward violence or overreaction in situations they were likely to encounter, or administer well-known standard tests to ascertain defendant Officers's propensity toward violence.

45. Municipal defendant as a matter of policy and practice have, with deliberate indifference, failed to adequately train, discipline, sanction or otherwise direct Lancaster City Police Department officers concerning the rights of citizens particularly the Fourth Amendment of the United States Constitution, thereby causing the defendant officers in this case, to engage in unlawful conduct described above.

46. Municipal defendant, as a matter of policy and practice, have with deliberate indifference failed to adequately train, discipline, sanction or otherwise direct Lancaster City Police Department Officers, including defendant officers, who are aware of and subsequently conceal violations of the constitutional rights of citizens including Fourth Amendment rights violations by other police officers. Municipal defendant's policy and practice, thereby causes and encourages officers, including defendant officers, to engage in unlawful conduct which violates Reid's Fourth Amendment rights.

47. Municipal defendant is directly liable for their own acts and omissions, specifically with regard to the failure to train and the promulgation of violations of the Reid's Fourth Amendment rights through the maintenance of a policy, custom, practice and/or procedure that ratifies, condones, and/or tolerates such violations.

48. As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs of municipal defendant, defendant officers violated Reid's Fourth Amendment rights and improperly engaged in the use of unreasonable and excessive force, thereby causing severe personal injuries and death, more specifically set forth above.

WHEREFORE, plaintiff demands judgment against defendants jointly, severally, and in the alternative, in a sum in excess of $150,000.00, plus interest, costs, attorney's fees and damages for delay.

## COUNT III

### PLAINTIFF, CURTIS WOOD
### v.
### DEFENDANT OFFICERS

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 48 the same as if set forth at length herein.

49. At all times relevant, defendant officers, were acting as officers of the City of Lancaster Police Department, acting at all times within the course and scope of their authority.

50. The acts of defendant officers, alleged in the preceding paragraphs, constitute the torts of assault and battery, all to the Reid's great detriment and loss.

51. The acts of defendants alleged in the preceding paragraphs deprived Reid

of his rights, privileges, and immunities under the laws and the Constitution of the Commonwealth of Pennsylvania, in particular, the right to be secure in his person and property, to be free from excessive punishment, and the right to due process secured to him by Article I, Sections I, VIII, IX, XIII, and XXVI, of the Pennsylvania Constitution and resulted in the injuries and damages more specifically described in paragraphs 28 and 35.

WHEREFORE, plaintiff demands judgment against defendants, jointly, severally, and in the alternative in a sum in excess of $150,000.00, plus punitive damages, interest, costs, attorney's fees, and damages for delay.

## COUNT IV

### PLAINTIFF
### V.
### ALL DEFENDANTS (WRONGFUL DEATH)

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 51, the same as if set forth at length herein.

52.    On the occasion in question, Devon Lee Reid, Decedent, was 26 years of age, in good physical health and had a reasonable life expectancy of approximately 50 more years.

53.    At the time of his death Reid was unemployed and was receiving Supplemental Security Income.

54.    He was a faithful son, brother and grandson and contributed to the family in the form of counsel, advice and help and in all reasonable probability he would have continued to contribute to the family.

55.     As a direct and proximate result of the acts and omissions of Defendants and the resultant death of Devon Reid, Decedent's surviving father, grandmother, siblings , nieces and nephews have been deprived of Decedent's emotional support, comfort, society, counsel, services and care all to their great detriment and loss.

56.     As a further direct and proximate result of the acts and omissions of Defendants and the resultant death of Devon Lee Reid, it was reasonable and necessary to provide for the funeral service and the burial of the Decedent for which the Estate of Devon Lee Reid has spent or will spend the sum of approximately Six Thousand Dollars ($6,000.00) which sum is fair, customary, reasonable and necessary.

WHEREFORE, Plaintiff, Curtis Wood hereby demands judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

## COUNT V

### PLAINTIFF, CURTIS WOOD
### v.
### ALL DEFENDANTS

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 56 the same as if set forth at length herein.

57.    The acts of defendants alleged in the preceding paragraphs consist of violations of Reid's Constitutional rights under the Fourth Amendment and 42 U.S.C. §1983.

58.    Plaintiff is entitled to attorney's fees for the work performed by his attorneys in this action pursuant to 42 U.S.C. §1988.

WHEREFORE, plaintiff demands judgment against defendants jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus punitive damages, interest, costs, attorney's fees and damages for delay.

## COUNT VI

### PLAINTIFF, CURTIS WOOD
### v.
### DEFENDANT OFFICERS

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 58 the same as if set forth at length herein.

59.    The herein described conduct of defendant officers was malicious, wanton, willful, reckless and intentionally designed to inflict grievous bodily injury and mental distress upon Reid's person.

60. As a result of the malicious, wanton, willful, reckless and intentional conduct of defendants, plaintiff demands punitive damages.

WHEREFORE, plaintiff demands judgment against defendants jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus punitive damages, interest, costs, attorney's fees and damages for delay.

## JURY TRIAL DEMAND

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 60 the same as if set forth at length herein.

61. Plaintiff demands a trial by jury.

Respectfully submitted,

CRYSTLE, ALLEN & BRAUGHT, LLC

By:  *s/KCA5567*
Kevin C. Allen, Esquire
Attorney for Plaintiff, Curtis Wood
Attorney I.D. No. 55232
143 North Duke Street
Lancaster, PA 17602
Telephone: (717) 393-0600
Facsimile: (717) 396-1028