**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CURTIS WOOD, Administrator for the Estate of DEVON LEE REID, : : : : | |
| *Plaintiff* : | |
| : | |
| vs. : | |
| : | No.:   CI-07-2965 |
| CITY OF LANCASTER, et al. : | |
| : | |
| *Defendants* : | |

**TRIAL MEMORANDUM IN SUPPORT OF EXPERT REPORT
OF PLAINTIFF'S EXPERT- DR. ROBERT F. GREIFINGER**

**I.      INTRODUCTION**

Plaintiff intends to present the expert report of Robert Greifinger, M.D. to support the proposition that Corrections Officer James Flaherty was deliberately indifferent to the serious medical needs of plaintiff's decedent, Devon Reid and it was that deliberate indifference that caused Devon obvious physical and emotional pain, suffering and death.  Even if the corrections staff relied on Dr. Powers misdiagnosis of malingering, it shocks the conscious that so many people, including defendant Flaherty, could stand by and watch the horror of Devon's physical and mental decompensation, starvation, dehydration and death.

Defendant' quote of the Court's Memorandum Opinion is misleading.  The portion quoted was specifically referencing the claims against Dr. Doe who had not seen the decedent in the three weeks before his death.  Defendant suggests that Dr. Greifinger's opinions should be given no weight on matters of causation and pulmonary emboli.  It is plaintiff's contention that Dr. Griefinger's expertise in the field of correctional medicine uniquely qualifies him to offer

expert opinions on the care, or lack thereof, at Lancaster County Prison as well as the causation of the physical and mental pain, suffering and death of Devon Reid.

## II.     ARGUMENT

Rule 702 of the Federal Rules of Evidence provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable priciples and methods, and (3) the witness has applied the priciples and methods reliably to the facts of the case.

Fed. R. Evid. 702

The trial court must determine at the outset pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand and determine a fact in issue. ***ID Sec. Sys. Canada, Inc. V Checkpoint Sys. Inc.***, 198 F. Supp. 2d 598, 601-02 (E.D. Pa. 2002) (quoting ***Daubert v Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)) Clearly the doctor's report presents scientific knowledge, specifically, the interpretation of the behaviors of Devon Reid in his last days and hours as well as the interpretation of the toxicology information contained in the autopsy report.

Federal Rule of Evidence 702 provides "three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability and fit" ***Id.*** (citing, ***Elcock v. Kmart Corp.***, 233 F.3d 734, 741 (3d Cir. 2000)) The first requirement, whether the witness is qualified as an expert, has been interpreted literally to encompass "a broad range of knowledge, skills, and training." ***Id.*** (Citing ***In re Paoli R.R. yard PCB Litigation***, 35 F.3d 717, 741 (3d Circuit 1994)) Defendant states "that Dr. Greifinger is a pediatrician by training and has not treated patients or

practiced hands-on medicine since 1985, and his only area of expertise is in the field on correctional health operations". However, Dr. Griefinger is testifying as an expert in the field of correctional health operations and specifically on the deliberate indifference to a serious medical need in the prison setting.  He is exactly the expert needed to discuss appropriate care of an inmate.  He has practiced in the field of correctional medicine for twenty years.  His Curriculum Vita demonstrates a broad range of knowledge, skills, and training in the field of correctional medicine, including hands on experience as a medical director and experience as a researcher, editor and instructor on the subject.   Dr. Greifinger is more than qualified to testify regarding the standard of correctional care because he:

1. Managed the medical care at Rikers Island jail in New York City;

2. Was the chief correctional Office for the NYS Department of Correctional Service;

3. Was a court-appointed monitor for medical health care in in jails in Philadelphia, Fulton County and DeKalb County in Georgia and Albuquerque, New Mexico; and

4. Currently monitors ten jails and prison correctional health care systems for the Civil Rights Division of US Department of Justice.

The second requirement is that the expert's opinion be reliable.  An expert may be found reliable based on "personal knowledge or experience" ***Kumho Tire Co. V. Carmichael***, 526 U.S. 137, 150, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999) Pointing to the symptoms a patient exhibits and making an evaluation or diagnosis based on those symptoms is precisely the type of opinion that doctors make every day in practice.

The fit requirement of Rule 702 derives from the textual provision that "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." ***U.S. v Mathis***, 264 F.3d 321, 2001 U.S. App. LEXIS 19341 (3d Cir.

2001 The requirement is "not intended to be a high one," however and its principle is not dissimilar to the Federal Rules' general provision that, unless otherwise specified, "all relevant evidence is admissible" and "evidence which is not relevant is not admissible." *Fed. R. Evid. 402*; *Kumho Tire Co.,* supra (interpreting Rule 702 as requiring all expert testimony to be relevant and reliable). Compare *United States v. Downing*, 753 F.2d 1224, 1230 (3d Cir. 1985) (noting "the liberal standard of admissibility mandated by Rule 702"), with *Daubert*, 509 U.S. at 587 (noting that Rule 402's "basic standard of relevance is a liberal one").

      Dr. Greifinger states that **"health care and security staff did nothing but ignore his life-threatening condition for two whole months"**. Dr. Greifinger's opinion illustrates that Mr. Reid encountered neglect and inappropriate standard of care from each participant in this case, **including the prison correctional officers.** His opinion is clearly based upon his years of corrections medicine experience, his review of all the medical records and video from the prison as well as the autopsy report and toxicology information.

It is apparent that in this case, dealing with the appropriate care of a pre-trial detainee, Dr Griefinger is exactly the expert needed to comment on the conduct of the medical and security staff and the causation of Devon Reid's physical and mental pain suffering and death. Dr. Grifeinger is well qualified and his opinions are reliable and relevant and his opinions should be afforded great weight.

Respectfully submitted,

CRYSTLE, ALLEN & BRAUGHT, LLC

DATE: _____        BY: _____
                          Kevin C. Allen, Esquire
                          ID No. 55232
                          Attorney for Plaintiff
                          143 N. Duke Street
                          Lancaster, PA 17602
                          (717) 393 - 0600

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CURTIS WOOD, Administrator for the Estate of DEVON LEE REID, | : : : | |
| *Plaintiff* | : : | |
| vs. | : : | No.: CI-07-2965 |
| CITY OF LANCASTER, et al. | : : | |
| *Defendants* | : | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that true and correct copies of Plaintiff's Responsive Memorandum To Defendant's Trial Memorandum Regarding the Expert Report of Dr. Robert Greifinger, in the above captioned matter, were served on the following persons/organizations by electronic means and hand delivery.

David J. MacMain, Esquire
Montgomery, McCracken,
Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109

BY: _____
Kevin C. Allen, Esquire
Attorney for Plaintiff

DATE:_____

Case 2:06-cv-03033-SD   Document 48   Filed 02/10/09   Page 7 of 7